# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-484V
Filed: January 29, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LOGAN OSBERG, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); Attorneys' |
| AND HUMAN SERVICES, | * | Fees and Costs Decision Based on |
| | * | Joint Stipulation; Special Processing |
| Respondent. | * | Unit ("SPU") |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ*, for petitioner.
*Justine Walters, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION ON JOINT STIPULATION AND ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On May 12, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that he suffered a vaccine-related injury described as a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on November 13, 2014. Petition at 1; *see also* Stipulation filed Jan. 29, 2016, at ¶¶ 2, 4. Petitioner further alleged that he has suffered the residual effects of his injury for more than six months and no civil action has been brought nor settlement awarded in a civil action for his vaccine-related injury. Petition, at ¶¶ 11, 13; *see also* Stipulation, at ¶¶ 5, 7. On September 18, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for his injury.

On January 29, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation in the amount of $90,000.00.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Stipulation, at ¶ 9.  The stipulation also included an award of attorneys' fees and costs in the amount of $15,382.58.  *Id.*  In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket expenses.  *Id.*

The Vaccine Act permits an award of reasonable fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed total amount of $15,382.58 to be reasonable.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards petitioner a payment of $105,382.58 as follows:**

    1.  **A lump sum of $90,000.00, in the form of a check payable to petitioner**. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

    2.  **A lump sum of $15,382.58, in the form of a check payable to petitioner and petitioner's counsel, Andrew Downing.**

The undersigned approves the requested amount for petitioner's compensation and attorney's fees and costs.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        <u>s/Nora Beth Dorsey</u>
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LOGAN OSBERG, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES ) <br> ) <br> Respondent. ) | No. 15-484V <br> Chief Special Master Dorsey <br> ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccination on or about November 13, 2014.

3. The vaccine was administered within the United States.

4. Petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). This includes petitioner's tendinitis, tendinosis, impingement syndrome, and bursitis in his shoulder region.

5. Petitioner experienced the residual effects of his injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for his SIRVA. Therefore, a decision should be entered awarding the compensation described in Paragraph 9 of this stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

 a. A lump sum of $90,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that are available under 42 U.S.C. § 300aa-15(a); and

 b. A lump sum of $15,382.58 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided

2

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraph 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about November 13, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about May 12, 2015, in the United States Court of Federal Claims as petition No. 15-484V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely

3

no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*/s/*

LOGAN OSBERG

ATTORNEY OF RECORD FOR PETITIONER:

*/s/*

ANDREW D. DOWNING, ESQ.
Van Cott & Talamante, PLLC
2025 N. Third Street
Suite 260
Phoenix, AZ 85004
(602) 257-9160

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 1/29/2016

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/*

JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

5